IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR RESTREPO and MARIA MARTINEZ, as Next Friends of JANE DOE, an Incapacitated Person, | § § § § § | |
| Plaintiffs, | § § | Civil Action No.: |
| V. | § § | 3:24-cv-01276 |
| DALLAS AREA RAPID TRANSIT; MV TRANSPORTATION, INC.; and SAMSON ASSEFA LEMMA, | § § § § § | Jury Trial Requested |
| Defendants. | § § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

# **TABLE OF CONTENTS**

**PARTIES** ............................................................................................................. 3

**VENUE & JURISDICTION** ............................................................................. 4

**FACTS** ................................................................................................................ 4

**CAUSES OF ACTION AGAINST DEFENDANTS** ....................................... 12

**DART AND MV TRANSPORTATION, INC** ................................................. 12

   A.   42 U.S.C. § 12132 Americans with Disabilities Act ...................................... 12

   B.   29 U.S.C. § 794 Rehabilitation Act ............................................................... 13

   C.   42 U.S.C. § 1983 Claim ................................................................................. 15

**CAUSE OF ACTION AGAINST** ..................................................................... 17

**DEFENDANT SAMSON ASSEFA LEMMA** ................................................. 17

**DAMAGES** ......................................................................................................... 17

**EXEMPLARY DAMAGES** ............................................................................... 18

**PRESERVATION** ............................................................................................. 18

**CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST** .... 19

**JURY DEMAND** ................................................................................................ 19

**PRAYER** ............................................................................................................. 19

TO THE HONORABLE U. S. DISTRICT COURT:

Plaintiffs, Oscar Restrepo and Maria Martinez, as Next Friends of Jane Doe, an Incapacitated Person, complain of Defendants Dallas Area Rapid Transit, MV Transportation, Inc., and Samson Assefa Lemma, and would respectfully show the Court as follows:

## I.

## PARTIES

1. Plaintiff Oscar Restrepo is an individual and resident of the State of Texas and is Next Friend of Jane Doe, an Incapacitated Person. He is Jane Doe's father. Jane Doe has diminished mental facilities and is mentally, physically, and emotionally vulnerable.

2. Plaintiff Maria Martinez is an individual and resident of the State of Texas and is Next Friend of Jane Doe, an Incapacitated Person. She is Jane Doe's mother. Jane Doe has diminished mental facilities and is mentally, physically, and emotionally vulnerable.

3. Defendant DART is a government entity operating in Dallas County, Dallas, Texas, and regularly does business in the State of Texas. This defendant regularly conducts business in the State of Texas, with its principal place of business located at 1401 Pacific Avenue, Dallas, Texas 75202. This defendant may be served with a summons and the original complaint at its main business address by serving its President and Chief Executive Officer: <u>Nadine S. Lee, DART, 1401</u>

Pacific Avenue, Dallas, Texas 75202.

4. Defendant MV Transportation, Inc. is a foreign for-profit corporation organized under the laws of the State of California. This defendant regularly conducts business in the State of Texas, with its main address at 4620 Westamerica Drive, Fairfield, CA 94534. The original complaint and summons can be served on this Defendant by serving its Registered Agent at: Corporation Service Company d/b/a a CSC-Lawyers Incorporating Service Company, 211 E. 7th St, Ste 620, Austin, Texas 78701-3136.

5. Defendant Samson Assefa Lemma is an individual and a resident of the State of Texas. This defendant may be served with a summons and complaint by serving him at his last known address: 3002 Lake Terrance Drive, Wylie, TX 75098, or wherever found.

## II.

## **VENUE & JURISDICTION**

Venue is proper in this Federal Northern District of Texas Court because the incident in question occurred in the Federal Northern District of Texas, and under 28 USC 1391(b)(2), venue is proper in this Court.

## III.

## **FACTS**

1. On or about June 6, 2022 at around 9:00 a.m. in Dallas County, Texas, Jane Doe, a mentally incapacitated female, boarded her scheduled DART

paratransit van to drive Jane Doe to her employment at Lowe's located at 2949 President George Bush Turn Pike, Garland, TX 75040. Jane Doe is intellectually disabled. Her IQ score is 41 which places her in the moderately mentally retarded classification. She receives developmental disability services.

2. When Jane Doe boarded the DART paratransit van, she did not recognize Defendant Lemma because he was wearing sunglasses and a mask. When she got onto the paratransit van, Defendant Lemma removed his sunglasses and mask. Defendant Lemma drove the DART paratransit van with Jane Doe to a parking lot by McDonalds near her employment at Lowe's. Defendant Lemma purchased chicken nuggets and a water and gave it to Jane Doe. Defendant Lemma covered up the paratransit van camera in the DART paratransit van, and assaulted Jane Doe on the DART paratransit van, which included groping her breasts under her clothing, groping her genitals under her clothing, and digitally penetrating Jane Doe.

3. Several days before Defendant Lemma sexually assaulted Jane Doe, he had began telling Jane Doe that he loved her, took her to Wal-Mart, and bought her ice cream. When Jane Doe informed her parents about this, they were alarmed. Plaintiff Maria Martinez contacted DART and made a complaint concerning the driver, Defendant Lemma. The DART representative apologized to Plaintiff Martinez and said that Defendant Lemma would not transport Jane Doe.

4. Thereafter, DART continued Defendant Lemma's employment and

allowed him to continue driving Jane Doe on her route. Jane Doe's parents were unaware that Defendant Lemma was driving Jane Doe on the DART paratransit van route and learned of it after Jane Doe's outcry that Defendant Lemma sexually assaulted her.

5. Jane Doe has intellectual disabilities and is a qualified individual with a disability pursuant to 42 U.S.C. § 12131(2).

6. Jane Doe was denied the benefits of safe public transportation due to her disability. Defendant Lemma targeted Jane Doe because as a mentally disabled individual she is more susceptible to grooming, less able to protect herself against sexual assault, and less likely to be believed if she reports the sexual assault. Jane Doe was denied the benefits of safe public transportation and/or was subjected to discrimination on the basis of her disability by Defendants.

7. Defendants DART and MV Transportation, Inc. owed a duty to all disabled patrons utilizing DART and MV Transportation, Inc.'s Paratransit services, including Jane Doe, to protect them from harm, including sexual misconduct by their own staff, namely Defendant Lemma.

8. Defendants DART and MV Transportation, Inc. should have realized that their conduct involved an unreasonable risk of Jane Doe being sexually assaulted and the infliction of severe emotional and mental distress or harm to Jane Doe by Defendants not properly monitoring Defendant Lemma while he was transporting the vulnerable Jane Doe. Especially after Plaintiff Martinez reported

Defendant Lemma's inappropriate comments to Jane Doe.

9. At all relevant times, Defendants DART and MV Transportation, Inc.'s acts and/or omissions show gross misjudgment or bad faith in discriminating against Jane Doe solely by reason of her disability. Defendants are aware of the heightened risk of sexual assault against disabled individuals such as Jane Doe. Indeed, Defendants have addressed and responded to similar incidents where their drivers sexually assaulted special needs customers, such as Jane Doe. Despite this known actual harm, Defendants failed to implement needed safety precautions to protect disabled individuals, such as Jane Doe.

10. Defendants DART and MV Transportation, Inc. failed to comprehensively evaluate Jane Doe's specific needs and provide tailored appropriate services such as, but not limited to: requiring another employee to ride the paratransit cab to monitor activities; using a live camera feed to monitor activities within the paratransit cab that cannot be covered up or the visual footage stopped; conducting random check-ins to monitor the paratransit van; proper monitoring and communication with drivers to minimize unsupervised time with vulnerable passengers; and proper supervision and review of its drivers.

11. Defendants DART and MV Transportation, Inc.'s discrimination was a proximate cause of Jane Doe's injuries and damages.

12. Jane Doe has intellectual disabilities and is a qualified individual with a disability under 29 U.S.C. § 705(20).

13. Jane Doe was otherwise qualified to ride the paratransit van.

14. Defendants DART and MV Transportation, Inc. received federal financial assistance for transporting Jane Doe.

15. Defendants DART and MV Transportation, Inc. owed a duty to all disabled patrons utilizing DART's Paratransit services, including Jane Doe, to protect them from harm, including sexual misconduct by their own staff, namely Defendant Lemma in this instance.

16. As a member of a vulnerable population, Jane Doe, solely by reason of her disability, was denied the benefits of safe public transportation and/or subjected to discrimination because of her disability. Defendant Lemma targeted Jane Doe because as a mentally disabled individual she is more susceptible to grooming, less able to protect herself against sexual assault, and less likely to be believed if she reports the sexual assault. Jane Doe was denied the benefits of safe public transportation and/or was subjected to discrimination on the basis of her disability by Defendants.

17. Defendants DART and MV Transportation, Inc. should have realized that their conduct involved an unreasonable risk of Jane Doe being sexually assaulted and the infliction of severe emotional and mental distress or harm to Jane Doe by Defendants not properly monitoring Defendant Lemma while he was transporting the vulnerable Jane Doe.

18. At all relevant times, Defendants knew or reasonably should have

known of Jane Doe's disability. There was a paratransit eligibility process that requires a physician's verification of disability, which was successfully completed for Jane Doe to have been able to use these services.

19. At all relevant times, Defendants' acts and/or omissions show gross misjudgment or bad faith in discriminating against Jane Doe solely by reason of her disability. Defendants are aware of the heightened risk of sexual assault against disabled individuals such as Jane Doe. Indeed, Defendants have addressed and responded to similar incidents where their drivers sexually assaulted special needs customers, such as Jane Doe. Despite this known actual harm, Defendants failed to implement needed safety precautions to protect disabled individuals, such as Jane Doe.

20. Defendants' discrimination was a proximate cause of Jane Doe's injuries and damages.

21. This cause of action is brought pursuant to 42 U.S.C. § 1983.

22. Defendant DART is a local regional transit agency subject to a suit for damages pursuant to 42 U.S.C. § 1983. Defendant MV Transportation, Inc. is a contractor of the governmental entity, Defendant DART, and their conduct related to this incident was cloaked in the authority of the state. Defendant DART operates public transportation services in the Dallas-Fort Worth metroplex. Defendant DART functions through those individuals operating public transit vehicles, including drivers for disabled passengers. Defendant Lemma was acting within the

course and scope of his employment while driving Jane Doe to her employment and remaining in the DART paratransit van with Jane Doe.

23. Defendant Lemma, while acting under his authority and position as a public transit driver for Defendant DART, deprived Jane Doe of her constitutional rights by unlawfully detaining Jane Doe in the DART paratransit van and sexually assaulting her.

24. Defendants DART and MV Transportation, Inc. have a widespread practice of its drivers abusing disabled passengers that is permanent and well-settled. There have been several reported sexual assaults by Defendant DART's drivers against disabled women. These DART drivers were contracted through MV Transportation, Inc.

25. Despite these prior sexual assaults, Defendants DART and MV Transportation Inc. permitted drivers to deviate from the scheduled drop off of passengers, deviate from their scheduled routes, failed to complete random check-ins, failed to monitor and/or review interior passenger compartment video footage, failed to require an additional employee to be present during rides with mentally disabled passengers, implement other supervision procedures to protect disabled passengers, and/or adequately screen its drivers.

26. In light of the prior history of sexual assaults, Defendant DART and MV Transportation Inc.'s failure to adequately supervise its drivers and/or adequately screen its drivers showed deliberate indifference to the likely

constitutional violations Jane Doe and other disabled women would endure.

27. But for the failure of Defendant DART and MV Transportation Inc.'s policies, practices, and/or customs, Jane Doe would have not been subjected to violations of her constitutional rights resulting in her being detained and sexually assaulted by Defendant Lemma. Defendant DART and MV Transportation's deliberate indifference, acts, and omissions were a proximate cause of Jane Doe's injuries and damages.

28. As a result of the incident described herein, Jane Doe has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

29. Jane Doe has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

30. Jane Doe has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the future.

31. Jane Doe has suffered lost earnings in the past and in all reasonable probability such lost earning capacity will continue in the future.

32. Plaintiffs have incurred other post-incident expenses in the past and in all reasonable probability such other post-incident expenses will continue in the future.

## IV.

## CAUSES OF ACTION AGAINST DEFENDANTS DART AND MV TRANSPORTATION, INC.

**A.     42 U.S.C. § 12132 Americans with Disabilities Act**

1. Jane Doe has intellectual disabilities and is a qualified individual with a disability pursuant to 42 U.S.C. § 12131(2).

2. Jane Doe was denied the benefits of safe public transportation due to her disability. Defendant Lemma targeted Jane Doe because as a mentally disabled individual she is more susceptible to grooming, less able to protect herself against sexual assault, and less likely to be believed if she reports the sexual assault. Jane Doe was denied the benefits of safe public transportation and/or was subjected to discrimination on the basis of her disability by Defendants.

3. Defendants owed a duty to all disabled patrons utilizing DART and MV Transportation, Inc.'s Paratransit services, including Jane Doe, to protect them from harm, including sexual misconduct by their own staff, namely Defendant Lemma.

4. Defendants should have realized that their conduct involved an unreasonable risk of Jane Doe being sexually assaulted and the infliction of severe emotional and mental distress or harm to Jane Doe by Defendants not properly monitoring Defendant Lemma while he was transporting the vulnerable Jane Doe. Especially after Plaintiff Martinez reported Defendant Lemma's inappropriate

comments to Jane Doe.

5. At all relevant times, Defendants' acts and/or omissions show gross misjudgment or bad faith in discriminating against Jane Doe solely by reason of her disability. Defendants are aware of the heightened risk of sexual assault against disabled individuals such as Jane Doe. Indeed, Defendants have addressed and responded to similar incidents where their drivers sexually assaulted special needs customers, such as Jane Doe. Despite this known actual harm, Defendants failed to implement needed safety precautions to protect disabled individuals, such as Jane Doe.

6. Defendants failed to comprehensively evaluate Jane Doe's specific needs and provide tailored appropriate services such as, but not limited to: requiring another employee to ride the paratransit cab to monitor activities; using a live camera feed to monitor activities within the paratransit cab that cannot be covered up or the visual footage stopped; conducting random check-ins to monitor the paratransit van; proper monitoring and communication with drivers to minimize unsupervised time with vulnerable passengers; and proper supervision and review of its drivers.

7. Defendants' discrimination was a proximate cause of Jane Doe's injuries and damages.

B. 29 U.S.C. § 794 Rehabilitation Act

1. Jane Doe has intellectual disabilities and is a qualified individual with

a disability under 29 U.S.C. § 705(20).

2. Jane Doe was otherwise qualified to ride the paratransit van.

3. Defendants received federal financial assistance for transporting Jane Doe.

4. Defendants owed a duty to all disabled patrons utilizing DART's Paratransit services, including Jane Doe, to protect them from harm, including sexual misconduct by their own staff, namely Defendant Lemma in this instance.

5. As a member of a vulnerable population, Jane Doe, solely by reason of her disability, was denied the benefits of safe public transportation and/or subjected to discrimination because of her disability. Defendant Lemma targeted Jane Doe because as a mentally disabled individual she is more susceptible to grooming, less able to protect herself against sexual assault, and less likely to be believed if she reports the sexual assault. Jane Doe was denied the benefits of safe public transportation and/or was subjected to discrimination on the basis of her disability by Defendants.

6. Defendants should have realized that their conduct involved an unreasonable risk of Jane Doe being sexually assaulted and the infliction of severe emotional and mental distress or harm to Jane Doe by Defendants not properly monitoring Defendant Lemma while he was transporting the vulnerable Jane Doe.

7. At all relevant times, Defendants knew or reasonably should have known of Jane Doe's disability. There was a paratransit eligibility process that

requires a physician's verification of disability, which was successfully completed for Jane Doe to have been able to use these services.

8. At all relevant times, Defendants' acts and/or omissions show gross misjudgment or bad faith in discriminating against Jane Doe solely by reason of her disability. Defendants are aware of the heightened risk of sexual assault against disabled individuals such as Jane Doe. Indeed, Defendants have addressed and responded to similar incidents where their drivers sexually assaulted special needs customers, such as Jane Doe. Despite this known actual harm, Defendants failed to implement needed safety precautions to protect disabled individuals, such as Jane Doe.

9. Defendants' discrimination was a proximate cause of Jane Doe's injuries and damages.

C. **42 U.S.C. § 1983 Claim**

1. This cause of action is brought pursuant to 42 U.S.C. § 1983.

2. Defendant DART is a local regional transit agency subject to a suit for damages pursuant to 42 U.S.C. §1983. Defendant MV Transportation, Inc. is a contractor of the governmental entity, Defendant DART, and their conduct related to this incident was cloaked in the authority of the state. Defendant DART operates public transportation services in the Dallas-Fort Worth metroplex. Defendant DART functions through those individuals operating public transit vehicles, including drivers for disabled passengers. Defendant Lemma was acting within the

course and scope of his employment while driving Jane Doe to her employment and remaining in the DART paratransit van with Jane Doe.

3. Defendant Lemma, while acting under his authority and position as a public transit driver for Defendant DART, deprived Jane Doe of her constitutional rights by unlawfully detaining Jane Doe in the DART paratransit van and sexually assaulting her.

4. Defendants DART and MV Transportation, Inc. have a widespread practice of its drivers abusing disabled passengers that is permanent and well-settled. There have been several reported sexual assaults by Defendant DART's drivers against disabled women. These DART drivers were contracted through MV Transportation, Inc.

5. Despite these prior sexual assaults, Defendants DART and MV Transportation Inc. permitted drivers to deviate from the scheduled drop off of passengers, deviate from their scheduled routes, failed to complete random check-ins, failed to monitor and/or review interior passenger compartment video footage, failed to require an additional employee to be present during rides with mentally disabled passengers, implement other supervision procedures to protect disabled passengers, and/or adequately screen its drivers.

6. In light of the prior history of sexual assaults, Defendant DART and MV Transportation Inc.'s failure to adequately supervise its drivers and/or adequately screen its drivers showed deliberate indifference to the likely

constitutional violations Jane Doe and other disabled women would endure.

7. But for the failure of Defendant DART and MV Transportation Inc.'s policies, practices, and/or customs, Jane Doe would have not been subjected to violations of her constitutional rights resulting in her being detained and sexually assaulted by Defendant Lemma. Defendant DART and MV Transportation's deliberate indifference, acts, and omissions were a proximate cause of Jane Doe's injuries and damages.

## V.

### CAUSE OF ACTION AGAINST DEFENDANT SAMSON ASSEFA LEMMA

1. Defendant Lemma made direct physical contact with Jane Doe's person. This contact included fondling of Jane Doe's breasts and vagina, and digital penetration of her vagina. Defendant Lemma's contact was offensive and caused bodily injury to Jane Doe. Defendant Lemma knew or reasonably should have known that Jane Doe would regard the contact as offensive and provocative.

2. As a result of Defendant Lemma's conduct, Jane Doe has suffered, and will continue to suffer, severe emotional and mental distress or harm.

## VI.

### DAMAGES

1. As a result of the incident described herein, Jane Doe has incurred medical expenses in the past and in all reasonable probability such medical

expenses will continue in the future.

2. Jane Doe has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

3. Jane Doe has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the future.

4. Jane Doe has suffered lost earnings in the past and in all reasonable probability such lost earning capacity will continue in the future.

5. Plaintiffs have incurred other post-incident expenses in the past and in all reasonable probability such other post-incident expenses will continue in the future.

## VII.

## EXEMPLARY DAMAGES

Jane Doe's injuries resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiffs to exemplary damages.

## VIII.

## PRESERVATION

The Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is

concluded.

## IX.

## **CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

Plaintiffs claim interest in accordance with applicable law.

## X.

## **JURY DEMAND**

Plaintiffs respectfully request a jury trial.

## XI.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs recover all of Jane Doe's damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Jane Doe may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ Linda Turley*
Linda Turley
State Bar No. 20303800
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: lindat@wturley.com
davette@wturley.com

ATTORNEY FOR PLAINTIFFS